# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JO BENNETT
520 Carpenter Ln, #3H
Philadelphia, PA 19119,

     Plaintiff

v.

SCHNADER HARRISON SEGAL & LEWIS
LLP
c/o David Smith
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

BARRY S. ALEXANDER
14 Wall Street, 20th Floor
New York, NY 10005

and

SAMANTHA J. BANKS
2000 Market Street, 20th Floor
Philadelphia, PA 19103

and

RICHARD A. BARKASY
600 North King Street, Suite 300
Wilmington, DE 19801

and

ROBERTA BARSOTTI
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

KEVIN BLANTON
1500 Market St., Suite 3500E

No.

Philadelphia, PA 19102

and

MELISSA SUE BLANTON
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

NADINE DOOLITTLE
30 S 17th Street, Suite 820
Philadelphia, PA 19103

and

ALLISON FIHMA DRACHMAN
111 Broadway, Suite 1103
New York, NY 10006

and

STEPHEN DYE
300 Spectrum Center Dr., Suite 1200
Irvine, CA 92618

and

STEPHEN FOGDALL
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

MEGAN E. HARMON
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222

and

THEODORE HECHT
111 Broadway, Suite 1103
New York, NY 10006

and

ANNE KANE
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

NICHOLAS J. LEPORE III
3900 Vaux Street
Philadelphia, PA 19129

and

THERESA E. LOSCALZO
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

BRUCE P. MERENSTEIN
306 Walnut Street
Philadelphia, PA 19106

and

CYNTHIA A. MURRAY
875 Third Avenue
New York, NY 10022

and

KENNETH R. PUHALA
444 Madison Avenue, 4th Floor
New York, NY 10022

and

IRA NEIL RICHARDS
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

LISA JOAN RODRIGUEZ JACOBS
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

ROY S. ROSS
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

CARL J. SCHAERF
180 Maiden Lane, Suite 904
New York, NY 10038

and

H. LEE SCHWARTZBERG
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

STEPHEN J. SHAPIRO
1650 Market Street, Suite 3600
Philadelphia, PA 19103

and

EDWARD J. SHOLINSKY
2000 Market Street, 20th Floor
Philadelphia, PA 19103

and

JAMES D. SHUPE
1650 Market Street, Suite 3600
Philadelphia, PA 19103

and

SAMUEL W. SILVER
306 Walnut Street
Philadelphia, PA 19106

and

JONATHAN B. SKOWRON
1000 Fedex Dr.
Coraopolis, PA 15108

and

DAVID SMITH
1500 Market St., Suite 3500E
Philadelphia, PA 19102

and

BRUCE M. STRIKOWSKY
111 Broadway, Suite 1103
New York, NY 10006

and

MATTHEW S. TAMASCO
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932

and

KEITH E. WHITSON
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222

and

MICHAEL J. WIETRZYCHOWSKI
10 Indel Avenue
Rancocas, NJ 08073

and

ROBERT J. WILLIAMS
1001 Liberty Ave., 5th Floor
Pittsburgh, PA 15222

       Defendants

and

SCHNADER HARRISON SEGAL & LEWIS
LLP RETIREMENT AND SAVINGS PLAN
c/o Schnader Harrison Segal & Lewis LLP
1500 Market St., Suite 3500E
Philadelphia, PA 19102

      Nominal Defendant

## COMPLAINT

Plaintiff Jo Bennett, through her undersigned counsel, for her Complaint against Defendants Schnader Harrison Segal & Lewis, LLP, Barry S. Alexander, Samantha J. Banks, Richard A. Barkasy, Roberta Barsotti, Kevin Blanton, Melissa Sue Blanton, Nadine Doolittle, Allison Fihma Drachman, Stephen Dye, Stephen Fogdall, Megan E. Harmon, Theodore Hecht, Anne Kane, Nicholas J. LePore III, Theresa E. Loscalzo, Bruce P. Merenstein, Cynthia A. Murray, Kenneth R. Puhala, Ira Neil Richards, Lisa Joan Rodriguez Jacobs, Roy S. Ross, Carl J. Schaerf, H. Lee Schwartzberg, Stephen J. Shapiro, Edward J. Sholinsky, James D. Shupe, Samuel W. Silver, Jonathan B. Skowron, David Smith, Bruce M. Strikowsky, Matthew S. Tamasco, Keith E. Whitson, Michael J. Wietrzychowski, Robert J. Williams, and Nominal Defendant Schnader Harrison Segal & Lewis LLP Retirement and Savings Plan, alleges as follows.

## INTRODUCTION

1.    This is an action brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*., by Plaintiff on behalf of a Class participants and beneficiaries in the Schnader Harrison Segal & Lewis LLP Retirement and Savings Plan ("the Plan"), an ERISA-regulated pension plan, against the Plan's fiduciaries for breaching their fiduciary duties, and engaging in prohibited transactions.

2.    The fiduciaries of the Plan consist of equity partners at a prominent Philadelphia law firm. For years, the equity partners who served as fiduciaries of the Plan breached their

fiduciary duties and engaged in prohibited transactions by requiring non-equity partners and counsel (who were W-2 employees) to defer a portion of their non-equity partner compensation instead of requiring Schnader to make employer contributions to the Plan (as required by the terms of the Plan), and by failing to remit those employee contributions to the Plan for up to approximately 18 months at a time, by using those deferred employee contributions to fund the Schnader's operations.

3.      Among the remedies for these breaches and violations, this action seeks (a) a determination that Defendants breached their fiduciary duties and violated ERISA by failing to promptly remit employee contributions to the Plan, (b) an accounting from Defendants, (c) a surcharge against Defendants for all investment losses and other financial harm caused to Plaintiff and the Class as a result of Defendants' conduct, (d) to impose a constructive trust over all employee contributions not yet remitted to the Plan, and (e) such other relief the Court deems proper.

## THE PARTIES

**Plaintiff**

4.      Plaintiff Jo Bennett is an attorney licensed to practice law in, and who resides in, the Commonwealth of Pennsylvania. Plaintiff Bennett was employed as a non-equity owning "Income Partner" at Schnader from 2016 through January 13, 2023. From at least March 2016 through the present, Plaintiff has been a participant of the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), because she had an account in the Plan, and she has a colorable claim for additional benefits.

**Defendants**

5.     Defendant Schnader Harrison Segal & Lewis, LLP ("Schnader") is a limited liability partnership organized and existing under the laws of the Commonwealth of Pennsylvania that is presently in the process of liquidating, and which previously operated as a law firm with offices in Pennsylvania, New Jersey, New York, California, and elsewhere.

6.     The Plan's 2022 Summary Plan Description ("SPD") identifies Schnader as the Plan Sponsor and Administrator as those terms are defined in ERISA § 3(16), 29 U.S.C. § 1002(16). The SPD represents that "all matters that concern the operation of the Plan are the responsibility of the Plan Administrator."  As a result, Schnader was a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or discretionary control respecting management of the Plan or had discretionary authority or discretionary responsibility in the administration of the Plan, or a combination of both.

7.     On October 25, 2023, Bennett submitted a written request for documents pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A) to Schnader as Plan Administrator.

8.     In a letter dated November 20, 2023, Defendant Whitson, on behalf of Schnader, provided a written response to Bennett's § 104(b)(4) request enclosing a number of documents, including the written instrument of the Plan and the Summary Plan Description.  In addition, Schnader produced a list specifically identifying the Plan's fiduciaries from January 1, 2022, to August 31, 2023, that included all of the Equity Partner Defendants named herein.

**Equity Partner Fiduciary Defendants**

9.     Defendant Barry S. Alexander is an attorney who was located in Schnader's New York office. Alexander has been an equity partner of Schnader since January 1, 2019. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and

ERISA § 404(a)(1)(A), Defendant Schnader identified Alexander as one of the fiduciaries of the Plan. From March 2022 to January 2023, Alexander also served on Schnader's Executive Committee.

10.     Defendant Samantha J. Banks is an attorney who was located in Schnader's Philadelphia office. Banks has been an equity partner of Schnader since January 1, 2023. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Banks as one of the fiduciaries of the Plan.

11.     Defendant Richard A. Barkasy is an attorney who was located in Schnader's Philadelphia office. Barkasy has been an equity partner of Schnader since January 1, 2013. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Barkasy as one of the fiduciaries of the Plan. From March 2015 to August 2023, Barkasy also served on Schnader's Executive Committee.

12.     Defendant Roberta Barsotti is an attorney who was located in Schnader's Philadelphia office. Barsotti has been an equity partner since January 1, 2022. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Barsotti as one of the fiduciaries of the Plan.

13.     Defendant Kevin Blanton is an attorney who was located in Schnader's Philadelphia office. K. Blanton has been an equity partner since January 1, 2015. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and

ERISA § 404(a)(1)(A), Defendant Schnader identified K. Blanton as one of the fiduciaries of the Plan.

14.     Defendant Melissa Sue Blanton is an attorney who was located in Schnader's Philadelphia office. M. Blanton has been an equity partner since January 1, 2014. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified M. Blanton as one of the fiduciaries of the Plan. From July 2018 to August 2023, M. Blanton also served on Schnader's Executive Committee.

15.     Defendant Nadine Doolittle is an attorney who was located in Schnader's Philadelphia office. Doolittle has been an equity partner since January 1, 2014. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Doolittle as one of the fiduciaries of the Plan. From March 2019 to January 2022, Doolittle also served on Schnader's Executive Committee.

16.     Defendant Allison Fihma Drachman (formerly Allison Naomi Drachman) is an attorney who was located in Schnader's New York office. Drachman has been an equity partner since January 1, 2015. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Drachman as one of the fiduciaries of the Plan.

17.     Defendant Stephen Dye is an attorney who was located in Schnader's San Francisco office. Dye has been an equity partner since May 1, 1999. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Dye as one of the fiduciaries of the Plan.

18.     Defendant Stephen Fogdall is an attorney who was located in Schnader's Philadelphia office. Fogdall has been an equity partner since January 1, 2015. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Fogdall as one of the fiduciaries of the Plan.

19.     Defendant Megan E. Harmon is an attorney who was located in Schnader's Pittsburgh office. Harmon has been an equity partner since January 1, 2013. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Harmon as one of the fiduciaries of the Plan. From March 2014 to August 2023, Harmon also served on Schnader's Executive Committee.

20.     Defendant Theodore Hecht is an attorney who was located in Schnader's New York office. Hecht has been an equity partner since January 1, 2014. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Hecht as one of the fiduciaries of the Plan.

21.     Defendant Anne Kane is an attorney who was located in Schnader's Philadelphia office. Kane has been an equity partner since January 16, 2022. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Kane as one of the fiduciaries of the Plan.

22.     Defendant Nicholas J. LePore III is an attorney who was located in Schnader's Philadelphia office. LePore has been an equity partner since January 1, 1989. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified LePore as one of the fiduciaries of the Plan. From March 2014 to December 2022, LePore also served on Schnader's Executive Committee.

23.     Defendant Theresa E. Loscalzo is an attorney who was located in Schnader's Philadelphia office. Loscalzo has been an equity partner since January 1, 1996. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Loscalzo as one of the fiduciaries of the Plan. From March 2018 to December 2022, Loscalzo also served on Schnader's Executive Committee. Loscalzo also serves as a member of the Dissolution Committee that is overseeing Schnader's liquidation.

24.     Defendant Bruce P. Merenstein is an attorney who was located in Schnader's Philadelphia office. Merenstein has been an equity partner since January 1, 2013. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Merenstein as one of the fiduciaries of the Plan.

25.     Defendant Cynthia A. Murray is an attorney who was located in Schnader's New York office. Murray has been an equity partner since January 1, 2019. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Murray as one of the fiduciaries of the Plan.

26.     Defendant Kenneth R. Puhala is an attorney who was located in Schnader's New York office. Puhala has been an equity partner since February 1, 2007. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Puhala as one of the fiduciaries of the Plan. From March 2014 to August 2023, Puhala also served on Schnader's Executive Committee.

27.     Defendant Ira Neil Richards is an attorney who was located in Schnader's Philadelphia office. Richards has been an equity partner since January 1, 2020. In response to

Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Richards as one of the fiduciaries of the Plan. From January 2023 to August 2023, Richards also served on Schnader's Executive Committee.

28.     Defendant Lisa Joan Rodriguez Jacobs is an attorney who was located in Schnader's New Jersey office. Rodriguez Jacobs has been an equity partner since January 1, 2020. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Rodriguez Jacobs as one of the fiduciaries of the Plan.

29.     Defendant Roy S. Ross is an attorney who was located in Schnader's Philadelphia office. Ross has been an equity partner since January 1, 2022. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Ross as one of the fiduciaries of the Plan.

30.     Defendant Carl J. Schaerf is an attorney who was located in Schnader's New York office. Schaerf has been an equity partner since October 16, 2006. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Schaerf as one of the fiduciaries of the Plan.

31.     Defendant H. Lee Schwartzberg is an attorney who was located in Schnader's Philadelphia office. Schwartzberg has been an equity partner since January 1, 2013. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Schwartzberg as one of the fiduciaries of the Plan.

32.     Defendant Stephen J. Shapiro is an attorney who was located in Schnader's Philadelphia office. Shapiro has been an equity partner since January 1, 2013. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Shapiro as one of the fiduciaries of the Plan.

33.     Defendant Edward J. Sholinsky is an attorney who was located in Schnader's Philadelphia office. Sholinsky has been an equity partner since January 1, 2018. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Sholinsky as one of the fiduciaries of the Plan. From March 2022 to July 2023, Sholinsky also served on Schnader's Executive Committee.

34.     Defendant James D. Shupe is an attorney who was located in Schnader's Philadelphia office. Shupe has been an equity partner since January 1, 2001. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Shupe as one of the fiduciaries of the Plan.

35.     Defendant Samuel W. Silver is an attorney who was located in Schnader's Philadelphia office. Silver has been an equity partner since January 1, 2001. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Silver as one of the fiduciaries of the Plan. From March 2016 to July 2018, Silver also served on Schnader's Executive Committee.

36.     Defendant Jonathan B. Skowron is an attorney who was located in Schnader's Pittsburgh office. Skowron has been an equity partner since January 1, 2020. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Skowron as one of the fiduciaries of the Plan.

37.     Defendant David Smith is an attorney who was located in Schnader's Philadelphia office. Smith has been an equity partner since January 1, 1985, and is Schnader's former Chairman. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Smith as one of the fiduciaries of the Plan. From 2002 to August 2023, Smith also served on Schnader's Executive Committee. Smith also serves as a member of the Dissolution Committee that is overseeing Schnader's liquidation.

38.     Defendant Bruce M. Strikowsky is an attorney who was located in Schnader's New York office. Strikowsky has been an equity partner since January 1, 2010. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Strikowsky as one of the fiduciaries of the Plan.

39.     Defendant Matthew S. Tamasco is an attorney who was located in Schnader's New York office. Tamasco has been an equity partner since January 1, 2016. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Tamasco as one of the fiduciaries of the Plan.

40.     Defendant Keith E. Whitson is an attorney who was located in Schnader's Pittsburgh office. Whitson has been an equity partner since January 1, 2013. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Whitson as one of the fiduciaries of the Plan. Whitson also serves as a member of the Dissolution Committee that is overseeing Schnader's liquidation.

41.     Defendant Michael J. Wietrzychowski is an attorney who was located in Schnader's New Jersey office. Wietrzychowski has been an equity partner since March 1, 2008. In response

to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Wietrzychowski as one of the fiduciaries of the Plan.

42. Defendant Robert J. Williams is an attorney who was located in Schnader's Pittsburgh office. Williams has been an equity partner since January 1, 2015. In response to Plaintiff's Request for Documents to the Plan Administrator pursuant to ERISA § 104(b)(4) and ERISA § 404(a)(1)(A), Defendant Schnader identified Williams as one of the fiduciaries of the Plan.

43. Defendants other than Schnader are collectively referred to as the Equity Partners or the Equity Partner Defendants. Sections 8.2 and 8.3 of the Plan permitted the Plan Administrator to appoint Committees to assist with the administration of the Plan.

44. Based on Defendant Schnader's identification of the Equity Partners as fiduciaries, the Equity Partners constituted a Committee of the Plan to assist with administration of the Plan. As a result, the Equity Partner Defendants were each a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercised discretionary authority or discretionary control respecting management of the Plan or had discretionary authority or discretionary responsibility in the administration of the Plan, or a combination of both.

45. Defendants Alexander, Barkasy, Blanton, Doolittle, Harmon, LePore, Loscalzo, Murray, Richards, Sholinsky, Silver and Smith are collectively referred to as the Executive Committee Defendants. Upon information and belief, the Executive Committee constituted one of the Committees appointed by the Plan Administrator consistent with Section 8.2 and 8.3 of the written instrument of the Plan. As a result, each of the Executive Committee Defendants was a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercised

discretionary authority or discretionary control respecting management of the Plan or had discretionary authority or discretionary responsibility in the administration of the Plan, or a combination of both.

46.     Defendants Loscalzo, Smith, and Whitson are collectively referred to as the Liquidating Partner Defendants. Since the decision by the Equity Partners to liquidate Schnader, the Liquidating Partner Defendants have performed the functions as Plan Administrator on behalf of Schnader. As a result, the Liquidating Partner Defendants each was a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercised discretionary authority or discretionary control respecting management of the Plan or had discretionary authority or discretionary responsibility in the administration of the Plan, or a combination of both.

**Nominal Defendant**

47.     Nominal Defendant Schnader Harrison Segal & Lewis LLP Retirement and Savings Plan ("the Plan") is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Plan purports to be a "defined contribution plan" within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34).

48.     Based on the documents provided to Plaintiff in response to her request pursuant to ERISA § 104(b)(4), the written instrument of this Plan was the Schwab Retirement Plan Services, Inc. Pre-Approved Defined Contribution Plan Basic Plan Document #13 and the Adoption Agreement #001.The Plan is named as a nominal defendant under Rule 19 to ensure that complete relief can be granted as to claims brought on behalf of the Plan. The Plan has a business address in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

49.     The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA—a law of the United States—and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

50.     Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because, at all relevant times, the Plan was and is administered in this District, the breaches and violations giving rise to the claims occurred in this District, and numerous Defendants may be found in this District. Venue is also proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and at least some of Defendants reside in this District.

51.     The Court has personal jurisdiction over Defendants as the Plan is administered in this District and Division, and Schnader is domiciled in this District, and Defendants transact business in this District and Division. This Court also has personal jurisdiction over Defendants because Defendants transact business in and have significant contacts within this District, and because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class defined as follows:

> Participants in the Plan from (other than Equity Partners of Schnader) who had contributions deducted from their compensation between February 7, 2018 to the present and for whom such contributions were not contributed to the Plan within 15 days and the beneficiaries of such participants.

53.     Excluded from the Class are the following persons: (a) the Defendants, (b) any equity partners of Schnader during the Class Period, (c) other persons who had decision-making or administrative authority relating to the administration, modification, funding or interpretation of the Plan, (d) the beneficiaries of such persons or the immediate family members of any of the foregoing excluded persons, and (e) the legal representatives, successors and assigns of any such excluded persons.

**Impracticability of Joinder**

54.     The members of the Class are so numerous that joinder of all members is impracticable. Based on the 2022 Form 5500 for the Plan (i.e. the most recent one), there were 183 active participants (i.e. current employees) as of December 31, 2022.  Subtracting an estimated 50 equity partners would result in over 130 participant class members.

55.     As the 2022 Form 5500 reports 11 fewer current employee participants at the end of the year than the beginning, there are likely at least 140 participant class members.

56.     Additionally, most of the Plan participants likely had at least one beneficiary, because every married participant had at least one beneficiary (e.g., a spouse) and some participants likely designated more than one beneficiary. As such, the Class likely is several hundred persons.  As Schnader had offices in Philadelphia, New York and San Francisco, the Class is geographically dispersed.

**Commonality**

57.     The issues of liability are common to all members of the Class and are capable of common answers as those issues primarily focus on Defendants' acts or their failure to act. Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

a.    Whether Defendants caused the Plan to engage in prohibited transactions under ERISA by taking an interest free loan on participants' contributions to the Plan and by converting those contributions to Schnader's use;

b.    Whether Defendants breached their duties by failing to promptly remit employee contributions to the Plan;

c.    Whether the individual Defendants and Schnader breached their fiduciary duties to participants of the Plan by retaining employee contributions to the Plan to which they were not entitled;

d.    Whether the individual Defendants knowingly participated in prohibited transactions or in fiduciary breaches by the Plan Administrator or are liable as gratuitous transferees;

e.    The appropriate relief to remedy Defendants' fiduciary breaches, violations and/or prohibited transactions.

**Typicality**

58.    Plaintiff's claims are typical of those of the Class because their claims arise from the same event, practice and/or course of conduct. Specifically, Plaintiff, on behalf of the Class and the Plans, alleges that Defendants breached their fiduciary duties, engaged in prohibited transactions, or otherwise violated ERISA by retaining the employee contributions of the firm's non-equity partners for a period of up to approximately 18 months each year prior to remitting them to the Plan.

**Adequacy**

59.    Plaintiff will fairly and adequately represent and protect the interests of the Class.

60.    Plaintiff does not have any interests antagonistic to or in conflict with those of the Class.

61.     Defendants do not have any unique defenses against Plaintiff that would interfere with Plaintiff's representation of the Class.

62.     Plaintiff is represented by counsel with experience in ERISA and class actions.

**Rule 23(b)(1)**

63.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(B). Administration of an ERISA-covered plan requires that all similarly situated participants be treated the same.  Defendants' duties and obligations were the same for all participants in all the Plan. Resolving whether Defendants fulfilled their fiduciary obligations to the Plan, or if Defendants' engaged in prohibited transactions with respect to the Plan would, as a practical matter, be dispositive of the interests of the other participants in the Plan even if they are not parties to this litigation and would substantially impair or impede their ability to protect their interests if they are not made parties to this litigation by being included in the Class.

64.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(A). Fiduciaries of ERISA-covered plans have a legal obligation to act consistently with respect to all similarly situated participants and to act in the best interests of the plan and their participants. This action challenges whether Defendants acted consistently with their fiduciary duties or otherwise violated ERISA. As the primary issues in this case involve the failure to promptly remit employee contributions to the Plan, conflicting interpretations of the same practices create the risk of establishing incompatible standards of conduct for Defendants. As a result, prosecution of separate actions by individual members would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct relating to the Plan.

**Rule 23(b)(2)**

65.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making

appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. This action challenges whether Defendants acted consistently with their fiduciary duties or otherwise violated ERISA with respect to uniform practices across the Plan.

66.     The members of the Class are entitled to declaratory and injunctive relief to remedy Defendants' fiduciary violations. As ERISA is based on trust law, any monetary relief consists of equitable monetary relief and is either provided directly by the declaratory or injunctive relief or flows as a necessary consequence of that relief.

**Rule 23(b)(3)**

67.     The requirements of Fed. R. Civ. P. 23(b)(3) are also satisfied. Common questions related to liability will necessarily predominate over any individual questions precisely because Defendants' duties and obligations were uniform to all participants and therefore all members of the Class. Plaintiff and all Class members have been harmed by Defendants' failure to promptly remit employee contributions to the Plan.

68.     A class action is a superior method to other available methods for the fair and efficient adjudication of this action. A single proceeding rather than multiple proceedings will efficiently resolve the issues in this litigation. The amount to be recovered by individual Class members is small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' duties and liability regarding the Plans.

69.     The following factors set forth in Rule 23(b)(3) also favor certification of this case as a class action:

a.      The members of the Class have an interest in a unitary adjudication of the issues presented in this action for the reasons that this case should be certified under Rule 23(b)(1).

b.      No other litigation concerning this controversy has been filed by any other members of the Class.

c.      This District is a desirable location for concentrating the litigation for reasons that include (but are not limited to) the following: (i) Schnader was and is headquartered in this District, (ii) the Plan in which Plaintiff participated is administered in this District, (iii) as the majority of Schnader's attorneys were resident in its Philadelphia office, and (iv) as most of the non-Philadelphia attorneys worked at offices within a short drive, this is the District that is convenient to most Class Members.

d.      There are no difficulties in managing this action as a class action.

## FACTUAL ALLEGATIONS

**Background of Plaintiff**

70.      Plaintiff has been licensed to practice law in the Commonwealth of Pennsylvania since December 1996.  Shortly after Plaintiff became licensed to practice law, she began employment with Schnader as an associate attorney.

71.      In or about June 2002, Plaintiff left Schnader to work as an attorney at a different law firm.

72.      Plaintiff returned to Schnader as a non-equity owning Income Partner in March 2016, in the firm's Philadelphia office.

73.      As an Income Partner, Plaintiff was a Schnader employee and a participant in the Plan.

**Relevant Terms of the Plan**

74.     Section 1.24 of the Plan Document defines a "Cash or Deferred Contribution" as follows:

> The term Cash or Deferred Contribution means an Employer amount that the Participant can *elect* to have the Employer either (a) provide to the Participant as cash; or (b) contribute to the Plan as an Elective Deferral on behalf of the Participant, which contribution defers the receipt of Compensation by the Participant.

(emphasis added).  Other than appearing in Section 1.24 of the Plan Document, the term Deferred Contribution is not found in any other section of the Plan Document.

75.     Section 1.67 of the Plan Document defines "Employee Contribution" as follows:

> The term Employee Contribution means any contribution (including Voluntary Employee Contributions and Mandatory Employee Contributions) made by or on behalf of a Participant that is included in the Participant's gross income in the year in which the contribution is made (other than Roth Elective Deferrals) and that is maintained under a separate account to which earnings and losses are allocated.

76.     Section 3.1 of the Plan Documents specifies that the types of contributions that the employer may make to the Plan are those elected by the Employer in the Adoption Agreement.

77.     Section 3.2 of the Plan Document specifies the contributions a participant may make to the Plan but does not contemplate Income Partners or Counsel making contributions from mandatory deferred compensation.

78.     The Plan's SPD states that employee contributions are made to the Plan as follows:

> Once you become a Participant, you can begin making 401(k) Contributions. 401(k) Contributions are amounts that you elect to contribute to the Plan through payroll withholding, and they are made on a pre-tax basis (that is, they are deducted from your Compensation free of current income taxes but are fully taxable when they are subsequently distributed from the Plan) or on an after-tax basis (that is, as Roth 401(k) Contributions, which are deducted from your Compensation on an after-tax basis but may be distributed on a tax-free basis if certain requirements are met). You can designate up to 100% of your 401(k) Contributions as Roth 401(k) Contributions.

Your pre-tax 401(k) Contributions, plus any Roth 401(k) Contributions you make, can't exceed 100% of your Compensation, or if less, the dollar limit on 401(k) Contributions announced annually by the IRS which is currently $20,500 for the 2022 calendar year. In addition, for any calendar year in which you are age 50 or older, you can also make additional "catch-up" 401(k) Contributions in excess of the annual dollar limit on 401(k) Contributions described above. The catch-up contribution limit is also announced annually by the IRS and is currently $6,500 for the 2022 calendar year.

SPD at pp. 3-4.

79.     With respect to employer matching contributions, the SPD explains:

We may make Matching Contributions to the Plan in order to match all or a portion of your 401(k) Contributions. Matching Contributions are allocated using the grouping method. Under this method, each Participant will be assigned to his or her own Allocation Group. The amount that will be allocated to each Participant will be determined each year by the Employer. Matching Contributions will also be made with respect to any "catch-up contributions" made to the Plan. The Allocation Period for this contribution will be determined by us, which is generally the Plan Year, but can be a shorter period of time.

SPD at p. 5.

80.     The SPD does not disclose that employee contributions based on "deferred compensation" would not be immediately contributed to the Plan.

**Schnader's Policies for Income Partners & Counsel That Were Not Terms of the Plan**

81.     According to Schnader's Policies for Income Partners and Counsel:

For income partners and counsel who have met the eligibility requirement for participation in the Firm's Retirement and Savings Plan, the Annual Compensation shall be paid in two portions: (i) current compensation and (ii) deferred compensation. *The deferred compensation portion, which will be equal to the amount required to be contributed to Firm's Retirement and Savings Plan based on total compensation and applicable limitations established by the Internal Revenue Service, will be directed into a retirement fund for the income partner or counsel through such plan.* If an income partner or partner is not employed by the Firm at the end of the year and is thus not eligible for participation in the Retirement and Savings Plan by the terms of the plan, then the accrued amount of the deferred compensation, less applicable deductions, shall be paid as current compensation.

(emphasis added).

82.     In the employment agreement between Plaintiff and Schnader, the firm stated:

25

> When you meet the eligibility requirements, you may make voluntary 401(k) contributions, at your own expense, to the Firm's Retirement and Savings Plan. When you meet eligibility requirements, subject to the provisions of the plan and applicable law, *a portion of your compensation will be paid as deferred compensation, which will be equal to the amount required to be contributed to the Firm Retirement and Savings Plan based upon total compensation and applicable limitations established by the Internal Revenue Service.*

(emphasis added).

83.     In mid-January of each year, after the firm closed its books on the prior year and calculated the compensation owed to each income partner, based in part on the prior year's billings and revenues, Schnader would calculate the amount each Income Partner—like Plaintiff—would be required to defer to the Plan each month between the end of January and December.

84.     After calculating the amount of each income partner's mandatory deferral to the Plan, the firm would withhold the amount applicable to each Income Partner in equal monthly installments from each Income Partner's paycheck as employee contributions to the Plan.

85.     Under ERISA, employers are required to remit employee contributions to a 401(k) plan on the earliest date on which the contributions can be reasonably segregated from the employer's general assets. Department of Labor ("DOL") regulation 29 C.F.R. § 2510.3-102 regulates the time by which employers must segregate employee contributions from the employer's general assets (i.e. actually contribute the money to the Plan). For employers with less than 100 plan participants, this period is no more than seven business days after the amounts have been withheld from the employee's pay. For employers with 100 or more participants, the deadline is shorter unless the employer can prove that a longer period is reasonable. During the period covered by the Class, this Plan has had at least 100 participants.

86.     Defendants did not remit the employee contributions withheld from their employees' pay as "deferred compensation" to the Plan on the earliest date on which the

contributions can be reasonably segregated from the employer's general assets.

87.     Instead, Defendants commingled the employee contributions withheld from employees' pay as deferred compensation with Schnader's general assets and would use those employee contributions for their own purposes, including funding Schnader's operations, and funding the distributions made to the Firm's equity partners.

88.     Defendants did not remit the employee contributions withheld from Income Partner pay as deferred compensation until September of the year following the year in which the contributions were withheld from the Income Partner as so-called "deferred compensation."

89.     For example, in January 2022, Schnader determined that based on Plaintiff's base salary, and her 2021 net fee receipts, her 2022 Monthly Deferred Compensation would be $2,166.29, which would be withheld from her pay each month in 2022 and remitted to the Plan in September 2023.

90.     Contrary to Schnader's assertions in the employment agreement in and its Policies for Income Partners and Counsel, the Plan does not require mandatory deferrals of Income Partner compensation to the Plan as employee contributions.

91.     It was obvious in 2022 that Schnader was experiencing a significant decline in operating revenue.

92.     Notwithstanding that loss of revenue, and upon information and belief, the Equity Partners were not asked to make capital contributions to the Firm, and the Equity Partners continued to receive their regular distributions from the firm.

93.     At the same time the Equity Partners were continuing to pay themselves, the firm was struggling to meet its other financial obligations.

94.    For example, the Firm was sued for nonpayment of rent for its offices in Philadelphia and San Francisco.  Similarly, Schnader failed to make timely payments for additional wages that Plaintiff was owed in 2023 for work performed in 2022, and Schnader ultimately made such payments only after Plaintiff threatened legal action.

95.    Published reports suggest that Schnader had been looking for merger partners, apparently in an effort to shore up the Firm's finances.

96.    Notwithstanding the fact that the firm was on the verge of failure, Schnader's equity partners continued to take regular distributions from the firm.

97.    On or about August 3, 2023, Schnader announced it would cease operations at the end of August and begin the process of dissolving the firm.

98.    In a letter dated September 15, 2023, Schnader's Liquidating Partner Defendants—Defendants Smith, Whitson, and Loscalzo—sent the firm's current and former Income Partners and Counsel a letter in which they stated that the firm would not remit the employee contributions withheld from Income Partners and Counsel as "deferred compensation" to the Plan as it lacked access to the funds in question, which had been commingled with the firm's general assets.

## <u>COUNT I</u>
### Breach of Fiduciary Duty Under ERISA § 404(a)(1)
### Against All Defendants

99.    Plaintiff repeats, reaffirms, and realleges the foregoing paragraphs of the Complaint as if they were fully restated at length herein.

100.   ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of providing benefits to participants and their beneficiaries; (B) with "care, skill, prudence, and diligence;" and (D) to act in accordance with the documents and

instruments governing the plan insofar as those documents and instruments are consistent with ERISA.

101.    As the Restatement of Trusts (Second) § 170 explains, a fiduciary "is under a duty not to profit at the expense of the beneficiary." The Restatement of Trusts (Second) § 170 further explains that a fiduciary "violates his duty to the beneficiary" where "he uses the trust property for his own purposes" including for example to "lend trust money to himself" or even accept a bonus, commission or other compensation "for any action done by him in connection with the administration of the trust."

102.    As the Restatement of Trusts (Second) § 172 explains, a fiduciary is "under a duty to keep accounts showing in detail the nature and amount of trust property and the administration thereof" and if the fiduciary "fails to keep proper accounts, he is liable for any loss" and the "burden of proof is upon the [fiduciary] to show that he is entitled to the credits that he claims."

103.    DOL Regulation 29 CFR § 2510.3-102(a) defines in relevant part that "the assets of the plan include amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets."

104.    The Income Partners were employees of Defendant Schnader. Attorneys denominated as Counsel were also employees of Defendant Schnader.

105.    The contributions by Income Partners, Counsel, and other employees were plan assets once they were withheld from their pay and before those contributions were actually paid to the Plan.

106.     Under ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), Defendants had an obligation to segregate contributions to the Plan by Income Partners, Counsel, and other employees from Schnader's general assets.

107.     Under ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), Defendants had an obligation to remit employee contributions to the Plan on the earliest date on which the contributions can be reasonably segregated from the employer's general assets.

108.     DOL Regulation 29 C.F.R. § 2510.3-102(b) sets forth the maximum time to segregate employee contributions for a pension plan as "15th business day of the month following the month in which the participant contribution … are received by the employer (in the case of amounts that a participant or beneficiary pays to an employer) or the 15th business day of the month following the month in which such amounts would otherwise have been payable to the participant in cash (in the case of amounts withheld by an employer from a participant's wages)." Defendants' practices with respect to the Income Partner and Counsel contributions did not comply with this Regulation.

109.     DOL Regulation 29 C.F.R. § 2510.3-102(b) sets forth the conditions by which the time to make contributions to a pension plan can be extended. These conditions were not met with respect to the Schnader employee contributions.

110.     By failing to segregate employee contributions by Income Partners and Counsel withheld from their pay as "deferred compensation" from Schnader's general assets and by failing to remit those employee contributions to the Plan on the earliest date on which the contributions could have been reasonably segregated from the from firm's general assets, Defendants breached their fiduciary duties with respect to those contributions before 2022.

111.     By failing to segregate employee contributions withheld from employees' pay as "deferred compensation" in 2022 and 2023 from Schnader's general assets and by failing to remitting such contributions to the Plan **at all**, Defendants breached their fiduciary duties with respect to those contributions in 2022 and 2023.

112.     As a result of Defendants' unlawful conduct, Plaintiff and the Class have been harmed (a) with respect to contributions before 2022, by losing the opportunity to earn investment income or interest on the funds that were not timely remitted to the Plan and (b) with respect to contributions on and after 2022, by being completely deprived of the amounts withheld for "deferred compensation," as those amounts have still not been paid to the Plan.

113.     To the extent that any of the Equity Partner Defendants were not fiduciaries or did not have control of the assets of the Plan, they knowingly participated in the breaches of Schnader or other Defendants who were fiduciaries and received assets that were or were derived from employee contributions when they received their distributions.

<u>COUNT II</u>
**Engaging in Prohibited Transactions in**
**Violation of ERISA § 406(b), 29 U.S.C. § 1106(b)**
**Against All Defendants**

114.     Plaintiff repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

115.     ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), provides that a fiduciary with respect to a plan shall not (1) deal with the assets of the plan in his own interest or for his own account, (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or (3) receive any consideration for his own personal account

from any party dealing with such plan in connection with a transaction involving the assets of the plan.

116.    Each of the Defendants was a fiduciary of the Plan at the time that he or she received assets of the Plan in the form of or derived from the Income Partner contributions.

117.    None of the Defendants were entitled to receive assets of the Plan consisting of the Income Partner Contributions.

118.    By retaining assets of the Plan consisting of Income Partner contributions, converting them to their own use, and investing them for their own benefit, Defendants dealt with the assets of the Plan for their own interest and their own account within the meaning of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

119.    By retaining assets of the Plan consisting of Income Partner and Counsel contributions, Defendants received consideration for their own personal account in connection with a transaction involving assets of the plan within the meaning of ERISA § 406(b)(3) 29 U.S.C. § 1106(b)(3).

120.    By virtue of the violations set forth in the foregoing paragraphs, Defendants engaged in prohibited transactions in violation of ERISA § 406(b), 29 U.S.C. § 1106, for which they are subject to a surcharge, liable to disgorge the profits, as well as any other remedial or appropriate equitable relief.

**COUNT III**
**Engaging in Prohibited Transactions in Violation**
**of ERISA § 406(a), 29 U.S.C. § 1106(a)**
**Against All Defendants**

121.    Plaintiff repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

122.    ERISA § 406(a)(1), 29 U.S.C. § 1106(a)(1), prohibits a fiduciary from causing a Plan to engage in a transaction if he knows or should know that such transaction constitutes a direct or indirect (B) "lending of money or other extension of credit between a plan and a party in interest" or a (D) "transfer to, use by or for the benefit of a party in interest, of any assets of the plan."

123.    ERISA § 3(14), 29 U.S.C. § 1002(14), defines a "party in interest" to include "(A) any fiduciary . . . of such employee benefit plan," (B) "a person providing services to such plan." (C) an employer any of whose employees are covered by such plan; (H) an employee, officer, director (or an individual having powers or responsibilities similar to those of officers or directors), or a 10 percent or more shareholder directly or indirectly, of a person described in subparagraph (B), (C), (D), (E), or (G); or (I) a 10 percent or more (directly or indirectly in capital or profits) partner or joint venturer of a person described in subparagraph (B), (C), (D), (E), or (G).

124.    As the Administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), Defendant Schnader is the fiduciary that caused employee contributions to be withheld and transmitted to itself and then to its equity partners.

125.    As a fiduciary and an as an employer, Schnader was and is a "party in interest" as to the Plan that term is defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

126.    As Schnader identified each of the Equity Partner Defendants as a fiduciary of the Plan, each of the Equity Partners was and is a "party in interest" as to the Plan as that term is defined in ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A), and each of the Equity Partners also meets the definition of an employer under ERISA § 3(5), 29 U.S.C. § 1002(5), and each is also a "party in interest" as to the Plan as that term is defined in ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C).

Each of the Equity Partners who had a 10 percent or more interest in Schnader is also a "party in interest" as to the Plan as that term is defined in ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H).

127.    The Executive Committee Defendants and the Liquidating Partner Defendants are also a "party in interest" as to the Plan as that term is defined in ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H), because they have or had powers or responsibilities similar to those of officers or directors.

128.    The deferred compensation contributed by Plaintiff and the Class were assets of the Plan.

129.    In its capacity as Plan Administrator, Schnader, the Executive Committee and/or the Liquidating Partner Defendants failed to remit employee contributions withheld as deferred compensation to participants on the earliest possible date and, instead, commingled the withheld employee contributions with the firm's general assets and then once commingled, used the withheld employee contributions to fund Schnader's operations and to make distributions to the Equity Partner Defendants.

130.    Upon information and belief, during periods of economic decline, the Equity Partner Defendants continued to take their regular distributions from the firm and were not asked or required to make capital contributions to the firm.

131.    By failing to remit employee contributions withheld as deferred compensation, allowing those withheld employee contributions to be commingled with the firm's general assets, and using those withheld employee contributions to fund the firm's operations, Defendant Schnader, the Executive Committee Defendants and the Liquidating Partner Defendants engaged in a prohibited transaction in violation of ERISA § 406(a).

132.    The Equity Partner Defendants either were aware or should have been aware of sufficient facts that the commingling of Plaintiff's and the other Class Members' withheld contributions with general firm assets constituted a prohibited transaction with parties-in-interest. As parties-in-interest, the Equity Partner Defendants are liable for the violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D).

133.    Even if any of the Equity Partner Defendants were not aware or should not have been aware of sufficient facts that the commingling of Plaintiff's and the other Class Members withheld contributions with general firm assets constituted a prohibited transaction with parties-in-interest, they are liable for the violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D), regardless of what they knew or should have known.

## COUNT IV
### Violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D)
### Against All Defendants

134.    Plaintiff repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

135.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and (D) to act in accordance with the documents and instruments governing the plan insofar as those documents and instruments are consistent with ERISA.

136.    ERISA § 402(a)(1) requires every employee benefit plan to be established and maintained pursuant to a written instrument. Based on the documents provided to Plaintiff in response to her request pursuant to ERISA § 104(b)(4), the written instrument of this Plan was the Schwab Retirement Plan Services, Inc. Pre-Approved Defined Contribution Plan Basic Plan Document #13 and the Adoption Agreement #001.

137.    Section 3.1 of the Plan Document, entitled "Types and Amount of Contributions," provides that the "[t]he types (and if applicable, the amount) of contributions that may be made to the Plan are those that are elected by the Employer in the Adoption Agreement and such determination by the Employer will be binding on the Trustee, Administrator and Participants."

138.    Nothing in the Plan Document or the Adoption Agreement allowed Defendant Schnader and the other Defendants to force contributions by Income Partners or by Counsel or allowed Defendants to withhold monies from the Income Partners' compensation and not promptly remit those contributions to the Plan.

139.    By operating the Plan through a series of policies that were inconsistent with the written instrument of the Plan, Defendants violated ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(D).

140.    Plaintiff and the Class were harmed because they were required to make contributions not required by the written instrument of the Plan, did not receive employer contributions, lost earnings on the deferred compensation that was eventually paid and for the "deferred compensation" that was never paid, and have not been paid that deferred compensation to date.

**COUNT V**
**Violation of ERISA § 102, 29 U.S.C. § 1022,**
**and ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B),**
**Against Schnader as the Plan Administrator**

141.    Plaintiff repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

142.    As the Plan Administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. §1002(16)(A), Schnader was obligated to comply with ERISA §§ 102, 29 U.S.C. § 1022.

143.    ERISA § 102, 29 U.S.C. § 1022, mandates that an SPD "be furnished to participants and beneficiaries as provided in [ERISA 104(b), 29 U.S.C. §] 1024(b)" and include the information set forth in ERISA § 102(a) & (b), 29 U.S.C. § 1022(a) & (b).

144.    ERISA § 102(a), 29 U.S.C. § 1022(a), requires that the SPD "be written in a manner calculated to be understood by the average plan participant and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." The DOL Regulation, 29 C.F.R. § 2520.102-3, governing the "contents of the summary plan description," requires that "the summary plan description must accurately reflect the contents of the plans" and sets forth specific information that must be required in the SPD.

145.    A DOL Regulation implementing ERISA § 102, 29 C.F.R. § 2520.102-2(a), reiterates that the SPD "shall be written in a manner calculated to be understood by the average plan participant and shall be sufficiently comprehensive to apprise the plan's participants and beneficiaries of their rights and obligations under the plan."

146.    A DOL Regulation, 29 C.F.R. § 2520.102-3(j)(1), specifically requires that the "plan benefits be summarized" in the SPD.  Another DOL Regulation requires that the SPD identify "[t]he sources of contributions to the plan—for example, employer, employee organization, employees—and the method by which the amount of contribution is calculated." In order to satisfy this provision in conjunction with 29 C.F.R. § 2520.102-2(a) it requires that the method by which a participant's share is determined or benefit is calculated be disclosed.

147.    The SPD failed to contain information about the contributions and benefits under the Plan sufficient to comply with ERISA § 102 and the DOL Regulations.

148.   As the Plan Administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and a named fiduciary within the meaning of ERISA § 402(a), 29 U.S.C. § 1102(a), Schnader had fiduciary duties pursuant to ERISA § 404(a), 29 U.S.C. § 1104(a).

149.   ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (B) with "care, skill, prudence, and diligence."

150.   An ERISA fiduciary's duty of loyalty and prudence under ERISA § 404(a)(1)(A) and (B) includes a duty to disclose and inform. Those duties not only require that a fiduciary comply the specific disclosure provisions in ERISA, but also require (a) a duty not to misinform, (b) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful, and (c) a duty to convey complete and accurate information material to the circumstances of the participants and beneficiaries.

151.   In addition to the failure to make disclosures that complied with ERISA § 102, Schnader also breached its fiduciary duties by failing to adequately disclose information about the administration of the Income Partners' and Counsel's contributions including that the practices with respect to the contributions for the Income Partners and Counsel were inconsistent with the terms of the Plan.

152.   As a result of these omissions, Schnader violated ERISA § 102, 29 U.S.C. § 1022 and ERISA § 404(a)(1)(A) & (B), 29 U.S.C. § 1104(A)&(B).

153.   To remedy these breaches, the terms of the SPD should be enforced and the terms of the Plan reformed accordingly and as necessary, a surcharge imposed against Schnader (and the

members of any Committee that it appointed pursuant to Section 8.3 or 8.4 of the Plan Document)

to pay any difference that be owed by applying the terms of the Plan as represented in the SPD.

### COUNT VI
### Co-Fiduciary Liability Pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), Against All Defendants

154.    Plaintiff repeats, reaffirms, and realleges the preceding paragraphs of the Complaint

as is they were fully restated at length herein.

155.    ERISA § 405(a), 29 U.S.C. § 1105(a), provides that "in addition to any liability

which he may have under any other provision of this part, a fiduciary with respect to a plan shall

be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan:

> (1)    if he participates knowingly in or knowingly undertakes to conceal an act
>
> or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2)    if, by his failure to comply with section 404(a)(1) in the administration of
>
> his specific responsibilities which gave rise to his status as a fiduciary, he has
>
> enabled such other fiduciary to commit a breach; or
>
> (3)    if he has knowledge of a breach by such other fiduciary, unless he makes
>
> reasonable efforts under the circumstances to remedy the breach."

156.    As the Plan administrator, Defendant Schnader provides and distributes the SPD to

participants of the Plan, including the equity partners. As a result, each of the Defendants had

knowledge regarding the information being provided to the Plan participants.

157.    Based on the Certificate of Participant Resolutions during 2023 regarding the Plan

(which were provided to Plaintiff in response to her request under ERISA § 104(b)(4)), significant

decisions about the Plan, including Policies regarding contributions to the Plan by Income Partners

and Counsel, either were approved by all equity partners of the Firm or certain partners (e.g. the

Liquidating Partners) acted as the agent on behalf of all equity partners such that knowledge about the Plan is imputed to those equity partners.

158.     As set forth above, Defendant Schnader breached its ERISA fiduciary duties and ERSIA statutory duties by failing to provide participants and beneficiaries with accurate information about the benefits provided by the plan and whether the Plan required mandatory deferrals of compensation  and by incorrectly collecting and by improperly transmitting employee contributions.

159.     By accepting and failing to disclose that the Plan does not require mandatory deferrals of Income Partner and Counsel compensation to the Plan as employee contributions, the Liquidating Partner Defendants participated knowingly in or knowingly undertook to conceal the breaches by the Plan Administrator. As a result, the Liquidating Partner Defendants violated ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1).

160.     By failing to disclose that the Plan does not require mandatory deferrals of Income Partner and Counsel compensation to the Plan as employee contributions, Defendants Smith, Whitson and Loscalzo failed to comply with the administration of their specific responsibilities under the Plans and enabled the Plan Administrator of the Plan to commit a breach. As result, Defendants Smith, Whitson and Loscalzo violated ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2).

161.     Upon information and belief, the Equity Partner Defendants had knowledge of the breaches of the Plan Administrator with respect to their failure to properly disclose the terms and material facts about the Plan and their collection and transmittal of withheld employee contributions but took no efforts to remedy the breach. As result, the Equity Partner Defendants violated ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3).

162.     As a result of violating ERISA § 405(a)(1)-(3), Defendants are liable pursuant to ERISA § 405(a) as co-fiduciaries for the Plan Administrator's breaches.

**COUNT VII**
**Participation in a Fiduciary Breach, Prohibited Transaction or Other Violations**
**Against All Defendants**

163.     Plaintiff repeats, reaffirms, and realleges the foregoing paragraphs of the Complaint as is they were fully restated at length herein.

164.     As set forth above, each of the Defendants (and at a minimum Defendant Schnader and the members of any persons acting on behalf of Schnader as the Plan Administrator), breached their fiduciary duties to the Plan and its participants, caused the Plan to engage in prohibited transactions and violated ERISA.

165.     In the event that any of the Equity Partner Defendants were not fiduciaries of the Plan with respect to the Income Partner and Counsel contributions withheld from Plaintiff's and Class Members' pay, Defendants, jointly and severally, knowingly participated in the fiduciary breaches and prohibited transactions of the Plan in which Plaintiff and the Class Members participated (and as to Defendants' breaches and violations). As such, those Defendants are liable for knowingly participating in those breaches and violations by receiving as part of their distributions, amounts derived from employee contributions that they knew or should have known had been commingled with firm assets but which were to be required to be segregated and remitted on the earliest possible date and receiving withheld employee contributions.

166.     Even if Defendants did not know or should not have known of the fiduciary breaches and prohibited transactions of the Plan in which Plaintiff and the Class Members participated, Defendants are liable as gratuitous transferees regardless of whether they knew or

should have known that the withheld employee contributions were to be remitted on the earliest possible date under the Plan.

167. By virtue of the violations set forth in the foregoing paragraphs, Defendants are subject to appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including a constructive trust over the amounts that they received derived from the Income Partner and Counsel contributions or the proceeds thereof and to be ordered to disgorge the profits made on such funds.

## ENTITLEMENT TO RELIEF

168. By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled to sue Defendants pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), for relief on behalf of the Plan as provided in ERISA § 409, 29 U.S.C. § 1109, including for recovery of any amounts that may be surcharged against Defendants, the recovery of any profits resulting from the breaches of fiduciary duty, and such other equitable or remedial relief as the Court may deem appropriate.

169. By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to sue Defendants for appropriate equitable relief to redress the wrongs described above, including a surcharge in the amount of the benefits to be paid, a constructive trust over the premiums, disgorgement of any profits on any premiums to which Defendants were not entitled and other injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that the Court award the following relief:

A. Declaring that Defendants breached their fiduciary duties and engaged in prohibited transactions by failing to remit withheld employee contributions under the Policies, failing to properly segregate the withheld employee contributions from the firm's general assets, and commingling the withheld employee contributions with the firm's general assets;

B. Enjoining Defendants from commingling the withheld employee contributions with the firm's general assets;

C. Reforming the terms of the Plan consistent with the description in the Summary Plan Description;

D. Imposing a surcharge on Defendants to pay the withheld Income Partner and Counsel contributions to Plaintiff and Class Members;

E. Declaring a constructive trust over Income Partner and Counsel contributions received by Defendants for as of the date of final judgment;

F. Requiring Defendants to disgorge any profits that they earned on the Income Partner and Counsel contributions wrongfully received and retained;

G. Requiring Defendants to provide an accounting of all funds withheld from the pay of Plaintiff and the Class and contributions that were owed to the Plan;

H. Awarding pre-judgment interest and post-judgment interest; and

I. Requiring Defendants to pay attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or ordering payment of fees and expenses to Plaintiff's counsel on the basis of the common benefit or common fund doctrine out of any money recovered for the Class;

J. Awarding such other and further relief that the Court determines that Plaintiff and the Class are entitled to pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), or pursuant to Rule 54(c) of the Federal Rules of Civil Procedure or that is equitable and just.

Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (320476)
Melanie J. Garner (315058)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 550
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
adam@garnerltd.com
melanie@garnerltd.com

R. Joseph Barton
(Pro Hac Vice Application to be Filed)
Barton & Downes LLP
1633 Connecticut Ave, Suite 200
Washington D.C. 20009
Tel: (202) 734-7046
jbarton@bartondownes.com

*Attorneys for Plaintiff*

Dated: February 7, 2024

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify, pursuant to 29 U.S.C. § 1132(h), that on this 7th day of February 2024, a copy of the foregoing Complaint was served on the Acting United States Secretary of Labor and the United States Secretary of Treasury by certified mail, return receipt requested.

/s/ Adam H. Garner
Adam Harrison Garner