IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JO BENNETT, | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : |
| | : No. 24-592 |
| SCHNADER HARRISON SEGAL & LEWIS LLP, et al., | : |
| Defendants. | : |

## MEMORANDUM

**J. Younge**                                                                **July 22, 2024**

### I. INTRODUCTION

Currently before this Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (ECF No. 55.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, said Motion is Denied.

### II. FACTUAL BACKGROUND

Plaintiff Jo Bennett was a non-equity owning partner at the law firm Schnader Harrison Segal & Lewis, LLP (hereinafter "Schnader") from 2016 to January 2023. (Compl. ¶ 4, ECF No. 1.) Defendants in this potential class action suit include Schnader, Schnader's Retirement and Savings Plan (hereinafter "the Plan"), and former attorneys at Schnader who were identified as fiduciaries of the Plan. (Compl. ¶¶ 5-47.) The Plan is a 401(k) plan which Schnader would pay installments to using mandatory deferrals from non-equity owning partners' monthly paychecks,

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

the amount of which was based on a calculation of the previous year's owed compensation. (Compl. ¶¶ 83-84.)  Relevant language from the Plan includes that the term "Employee Contribution means any contribution (including Voluntary Employee Contributions and Mandatory Employee Contributions) made by or on behalf of a Participant that is included in the Participant's gross income in the year in which the contribution is made . . . and that is maintained under a separate account to which earnings and losses are allocated" and that the term "Deferred Contribution means an Employer amount that the participant can elect to have the Employer either (a) provide to the Participant as cash; or (b) contribute to the Plan as an Elective Deferral on behalf of the Participant, which contribution defers the receipt of Compensation by the Participant."  (Plan, Sections 1.24 and 1.67, ECF No. 64-7.)  Plaintiff's employment agreement states that "a portion of your compensation will be paid as deferred compensation, which will be equal to the amount required to be contributed to the [Plan] based upon total compensation and applicable limitations established by the Internal Revenue Service." (Compl. ¶ 82, ECF No. 1.)  Plaintiff alleges that, while employers are required to remit employee contributions to a 401(k) plan after segregating them from the employer's general assets at the earliest reasonable point, Defendant failed to meet this obligation and used these deferred funds for its own purposes during the dissolution of the firm.  (Compl. ¶¶ 85-88.)

Schnader began dissolving the firm in August 2023 following significant financial difficulties in recent years.  (Compl. ¶ 97.)  On September 15, 2023, Schnader informed its current and former non-equity owning partners that it would not remit the compensation it had withheld in 2022 because it now lacked the requisite funds.  (Compl. ¶ 98.)  Plaintiff alleges that these funds, specifically from 2022 and 2023, remained inappropriately commingled with the firm's general assets, despite its known financial difficulties, and had been used to continue

compensating equity owning partners and for its own purposes rather than being segregated for its employees' owed Plan assets. (Compl. ¶¶ 92-93, 98, 111-112.)  Plaintiff also alleges that, even prior to 2022, Schnader allowed these funds to remain commingled for unreasonable, and improper, lengths of time, thereby depriving her of deserved investment income or interest on those funds, and that the actual practices with respect to these funds were inconsistent with the Plan's terms.  (Compl. ¶¶ 110, 112, 151.)  The Defendant fiduciaries of the Plan are alleged to have wrongfully retained assets of the Plan and converted them to their own use.  (Compl. ¶¶ 116-119.)

Plaintiff filed her Complaint on February 7, 2024, alleging numerous violations of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), including violations of Sections 102, 404(a)(1)(A), and 404(a)(1)(D), breach of fiduciary duty under Section 404(a)(1), engaging in prohibited transactions in violation of Section 406(a)-(b), co-fiduciary liability pursuant to Section 405(a), and participation in a fiduciary breach, prohibited transaction, and other violations entitling Plaintiff to equitable relief pursuant to Section 502(a)(3).  (ECF No. 1.)  Defendants filed their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on May 14, 2024, arguing that the contributions at issue were employer, not employee, contributions, Plaintiff lacks standing on certain claims, and that she failed to plausibly allege the violations asserted, including against non-fiduciaries.  (ECF No. 55.)  This Court exercises its jurisdiction pursuant to 28 U.S.C. § 1331.

### III.   LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

**IV.     DISCUSSION**

Plaintiff has plausibly alleged interrelated violations of ERISA, the legal sufficiency of which would be more appropriately assessed following discovery. Under ERISA, an employer is required to segregate from its general assets any "amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions . . . can reasonably be segregated." 29 C.F.R. § 2510.3-102(a)(1). The regulation is silent as to when employer, rather than employee, contributions become Plan assets, requiring examination of the relevant contract. *See Finkel v. Romanowicz*, 577 F.3d 79, 85 n. 8 (2d Cir. 2009); *Bottle Beer Drivers, Warehouseman & Helpers Teamsters Local 843 v. Anheuser Busch Inc.*, 96 F. App'x 831, 834 (3d Cir. 2004); *Galgay v. Gangloff*, 677 F. Supp. 295, 301 (M.D. Pa. 1987), *aff'd*, 932 F.2d 959 (3d Cir. 1991). Plan fiduciaries can be held personally liable for breaches of duties imposed by ERISA. 29

U.S.C. § 1109(a). A fiduciary is a person who "exercises any discretionary authority or discretionary control respecting management of such plan or any authority or control respecting the management or disposition of assets." 29 U.S.C. § 1002(21)(A)(i).

Here, disputes of fact remain that go to the heart of Plaintiff's claims and make dismissal inappropriate. The Parties disagree on whether the contributions in question should be considered employee or employer contributions, which are governed by different requirements under ERISA. The factual issues present in this case, including any inconsistencies between the Plan, any other internal policies, and actual practice, the extent and length of commingled funds, and the involvement and knowledge held by the relevant parties, necessitate further discovery. Any argument related to Plaintiff's standing in her class action claims is premature and will be addressed following Plaintiff's anticipated Motion for Class Certification.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**