**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JO BENNETT, on behalf of herself and all others similarly situated, | |
| *Plaintiff* | Case No. 2:24-cv-00592-JMY |
| v. | |
| SCHNADER HARRISON SEGAL & LEWIS LLP, et al., | |
| *Defendants* | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO STAY,
VACATE DEADLINES, AND FOR A REFERENCE TO
A MAGISTRATE JUDGE FOR FURTHER SETTLEMENT CONFERENCE**

Plaintiff Jo Bennett, through her undersigned counsel, hereby submits the following memorandum in support of her motion for a stay of this action based on the parties' recent mediation. Plaintiff also requests if the parties have not signed a term sheet by November 12, the parties be ordered to attend a settlement conference with United States Magistrate Judge Carol Sandra Moore Wells.  Plaintiff's motion should be granted.

**BACKGROUND**

Plaintiff's claims in this matter were brought on behalf of a putative class of similarly situated individuals against Defendant Schnader Harrison Segal & Lewis LLP ("Schnader") and thirty-four individual Defendants who were equity partners at the firm. Complaint (ECF No. 1). The parties have been engaged in discovery, and Plaintiff's motion for class certification is presently due on or before December 6, 2024.  ECF No. 78.

On October 15, 2024, Plaintiff and certain Defendants attended a private mediation. Garner Decl. Present for Plaintiff were Plaintiff's counsel, Adam H. Garner and R. Joseph Barton, and

Plaintiff Jo Bennett.  According to the mediator, present for Defendants were Defendants' counsel, Lars Golumbic, Andrew Salek-Raham, and M. Caroline Wood, along with several, but not all, Defendants and a representative of Defendants' insurer.  *Id.*  Neither Plaintiff nor her counsel were informed prior to the mediation that: a) not all Defendants would be present for the mediation; or b) that those present would not have settlement authority.  *Id.*

After a full day of mediation and the exchange of numerous monetary proposals along with material non-monetary terms, the mediator informed Plaintiff's counsel that Plaintiff's final monetary offer, which would settle the claims on behalf of a class, was acceptable to Defendants' representatives but that they needed additional time to secure the agreement of the other Defendants and financing.  *Id.*  While Plaintiff was prepared to circulate and sign a term sheet for the parties' signature at the mediation, Plaintiff and her counsel were advised that the persons present for Defendants did not have authority to agree to the terms.  *Id.*

Shortly after the end of the mediation on October 15, Plaintiff's counsel circulated a proposed term sheet to Defendants' counsel that contained the terms that Plaintiff believed had been agreed upon.  *Id.* Defendants' counsel provided Plaintiff's counsel with a revised term sheet on October 16 but advised that a term sheet would not be provided to Defendants for their review and approval until a term sheet was agreed upon between counsel.  *Id.*  On October 21, 2024, Plaintiff's counsel provided a revised term sheet to Defendants' counsel.  *Id.*

## GOVERNING STANDARD

A stay is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"  *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 322 (E.D. Pa. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)).  In considering a motion to

stay, the court considers three factors: "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 291 (E.D. Pa. 2009) (citations omitted).  "None of these factors require[] an examination of the merits or even the quasimerits of the action." *Id.*

### <u>PLAINTIFF'S MOTION SHOULD BE GRANTED</u>

In the present matter, Plaintiff's motion should be granted, this matter should be stayed until November 12, 2024, and all deadlines in the Court's present Scheduling Order should be vacated.  If a signed term sheet is not entered into by November 12, 2024, Plaintiff will notify the Court accordingly and request that the parties be referred to United States Magistrate Judge Carol Sandra Moore Wells for a settlement conference with the goal of getting this matter resolved.

Plaintiff is optimistic that the parties may be close to entering into a signed term sheet that will serve as the basis for entering into a more formal class-wide settlement agreement and, ultimately, a motion for class certification and preliminary approval of a settlement.  The current deadline for moving for class certification, however, is December 6, 2024.  Substantial discovery remains to be completed before Plaintiff is able to move for class certification.  This discovery includes: 1) engaging in the meet and confer process related to certain believed deficiencies in Defendants' written discovery responses and document production; 2) Plaintiff's deposition; 3) the deposition of Schnader Harrison Segal & Lewis' corporate designee; and 4) the depositions of at least some of the individual Defendants in this action.  This discovery will be time-consuming and expensive.

Given the parties' progress towards reaching a class-wide settlement, however, Plaintiff believes that the parties' time and resources would be better spent working on finalizing the terms of a settlement, rather than in conducting further discovery.  Doing so will further the interests of

judicial economy, and the requested stay is brief: 21 days.  Accordingly, Plaintiff proposes that the Court enter an order: 1) staying this case through November 12, 2024;  2) vacating all remaining deadlines in the present Scheduling Order; 3) directing the parties to advise the Court if a term sheet has been signed on or before November 13, 2024; and 4) if a term sheet has not been signed directing all parties to appear before Judge Wells for a settlement conference with the goal of bringing this matter to a resolution.  If a term sheet is signed, the Court could then enter an order setting a deadline for negotiating a formal settlement agreement and for Plaintiff to move for preliminary approval of a class action settlement.  If the parties are unable to reach a resolution of this matter, then the Court could enter a revised scheduling order with new deadlines for the completion of discovery and for Plaintiff to move for class certification.

Granting the relief requested herein will not prejudice any party, especially given the parties' progress towards reaching a resolution of this matter and will allow the parties to direct their resources towards resolving this matter in lieu of engaging in discovery that may prove unnecessary.  Plaintiff has sought the consent of Defendants in obtaining the relief requested herein.  While Plaintiff believes it is possible that Defendants may agree to some of the relief requested herein, undersigned counsel has been advised by Defendants' counsel not to make any statements about Defendants' position.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff believes that good cause exists for granting the relief requested herein and asks that her motion be granted.

Respectfully submitted,


/s/ Adam H. Garner
Adam Harrison Garner (320476)
Melanie J. Garner (315058)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 550
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
adam@garnerltd.com
melanie@garnerltd.com

R. Joseph Barton (*Pro Hac Vice*)
Barton & Downes LLP
1633 Connecticut Ave, Suite 200
Washington D.C. 20009
Tel: (202) 734-7046
jbarton@bartondownes.com


Dated: October 22, 2024