IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JO BENNETT, on behalf of herself and all others similarly situated,<br><br>     *Plaintiff*<br><br>v.<br><br>SCHNADER HARRISON SEGAL & LEWIS LLP, et al.,<br><br>     *Defendants* | Case No. 2:24-cv-00592-JMY |

**JOINT MOTION FOR (1) STAY AND (2) TO WITHDRAW PLAINTIFF'S MOTION TO STAY, VACATE DEADLINES, AND FOR REFERENCE TO A MAGISTRATE JUDGE**

The parties, through their undersigned counsel, hereby jointly move for an order staying this matter and vacating all remaining deadlines in the Scheduling Order in light of the parties' recent and ongoing settlement discussions. As a result, the parties jointly move to withdraw Plaintiff's contested Motion to Stay, Vacate Deadlines, and for Reference to a Magistrate Judge for Further Settlement Conference (ECF No. 79). In support thereof, the parties state as follows:

  1.  Plaintiff's claims in this matter were brought on behalf of a putative class of similarly situated individuals against Defendant Schnader Harrison Segal & Lewis LLP ("Schnader") and thirty-four individual Defendants who were equity partners at the firm. Complaint (ECF No. 1). The parties have been engaged in discovery, and Plaintiff's motion for class certification is presently due on or before December 6, 2024. ECF No. 78.

  2.  On October 15, 2024, Plaintiff and certain Defendants attended a private mediation. Present for Plaintiff were Plaintiff's counsel Adam H. Garner and R. Joseph Barton and Plaintiff Jo Bennett. Present for Defendants were Defendants' counsel, Lars Golumbic, Andrew Salek-

Raham, and M. Caroline Wood, along with several individual Defendants and a representative of Defendants' insurer. *Id.*

3. After a full day of mediation, the attendees at the mediation identified certain monetary and nonmonetary terms that they believed would serve as a basis for and which would lead to a class wide resolution of Plaintiff's claims, but which required the review and approval of all Defendants.

4. Since the mediation, counsel for the parties have exchanged four proposed settlement term sheets. Shortly after the end of the mediation on October 15, Plaintiff's counsel circulated a proposed term sheet to Defendants' counsel that contained the terms discussed by those present at the mediation. Defendants' counsel provided Plaintiff's counsel with a revised term sheet on October 16. On October 21, 2024, Plaintiff's counsel provided a revised term sheet to Defendants' counsel and Defendants' counsel circulated further revisions to a proposed term sheet on October 24.

5. A stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 322 (E.D. Pa. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926))). In considering a motion to stay, the court considers three factors: "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 291 (E.D. Pa. 2009) (citations omitted). "None of these factors required an examination of the merits or even the quasimerits of the action." *Id.*

6. In the present matter, the parties' joint motion should be granted, this matter should be stayed until November 12, 2024, and all deadlines in the Court's present Scheduling Order

should be vacated. Counsel are optimistic that, by November 12, the parties will be able to enter into a signed term sheet that will serve as the basis for a more formal class-wide settlement agreement and, ultimately, a motion for class certification and preliminary approval of a settlement.

7. The current deadline for moving for class certification is December 6, 2024. Substantial discovery remains to be completed before Plaintiff is able to move for class certification. This discovery includes engaging in the meet and confer process related to certain believed deficiencies in Plaintiffs' and Defendants' written discovery responses and document productions and Plaintiff's deposition. Plaintiffs believe that discovery would also include the deposition of Schnader Harrison Segal & Lewis's corporate designee and the depositions of at least some of the individual Defendants in this action. This discovery will be time-consuming, expensive, and is counter-productive towards reaching a resolution of this matter.

8. Given the parties' significant progress towards reaching a class-wide settlement, the parties believe that their time and resources would be better spent working on finalizing the terms of a settlement, and therefore a brief stay will further the interests of judicial economy. Accordingly, the parties propose that the Court enter an order: 1) staying this case through November 12, 2024; 2) vacating all remaining deadlines in the present Scheduling Order; 3) directing the parties to submit on or before November 13, 2024, a joint status report that either advises that a term sheet has been signed or reports on the status of settlement discussions.

9. Additionally, given the parties' agreement regarding the foregoing proposal, the parties jointly request that Plaintiff's previously filed Motion to Stay, Vacate Deadlines, and for Reference to a Magistrate Judge for Further Settlement Conference (ECF No. 79) be withdrawn. If the Court grants the jointly requested stay by the parties, the parties do not believe that the

videoconference currently scheduled for October 29, 2024, is necessary, but are willing proceed if the Court believes it would be useful.

10. Granting the relief requested herein will not prejudice any party, especially given the parties' progress towards reaching a resolution of this matter and will allow the parties to direct their resources towards resolving this matter in lieu of engaging in discovery that may prove unnecessary.

For the foregoing reasons, the Parties believe that good cause exists for granting the relief requested herein and ask that their joint motion be granted.

Respectfully submitted:

| | |
|---|---|
| /s/ R. Joseph Barton_____ <br> R. Joseph Barton (admitted *pro hac vice*) <br> Barton & Downes LLP <br> 1633 Connecticut Ave, Suite 200 <br> Washington D.C. 20009 <br> Tel: (202) 734-7046 <br> jbarton@bartondownes.com <br><br> Adam Harrison Garner (320476) <br> Melanie J. Garner (315058) <br> The Garner Firm, Ltd. <br> 1617 John F. Kennedy Blvd., Suite 550 <br> Philadelphia, PA 19103 <br> Tel: (215) 645-5955 <br> Fax: (215) 645-5960 <br> adam@garnerltd.com <br> melanie@garnerltd.com <br><br> *Attorneys for Plaintiff* | /s/ Andrew Salek-Raham (with permission) <br> William J. Delany (PA 74864) <br> Lars C. Golumbic (admitted *pro hac vice*) <br> Andrew D. Salek-Raham (admitted *pro hac vice*) <br> M. Caroline Wood (admitted *pro hac vice*) <br> GROOM LAW GROUP, CHARTERED <br> 1701 Pennsylvania Avenue, NW <br> Washington, DC 20006 <br> Phone: (202) 861-6643 <br> Fax: (202) 659-4503 <br> wdelany@groom.com <br> lgolumbic@groom.com <br> asalek-raham@groom.com <br> cwood@groom.com <br><br> *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of October 2024, a copy of the foregoing was electronically served on all counsel of record via the Court's CM/ECF system:

                                      /s/ Ming Siegel
                                      Ming Siegel