UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JO BENNETT, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*<br><br>v.<br><br>SCHANDER HARRISON SEGAL & LEWIS LLP, et al.,<br><br>*Defendants* | Case No. 2:24-cv-00592-JMY |

**PLAINTIFF'S UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Jo Bennett, through her undersigned counsel, hereby moves the Court for an order as follows:

1. Preliminarily approving the Settlement Agreement, between Plaintiff Jo Bennett and Defendant Schnader Harrison Segal & Lewis LLP and the individual Defendants as fair, reasonable, and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

2. Appointing a Settlement Administrator;

3. Appointing the Special Fiduciary;

4. Approving the Proposed Notice of Class Action Settlement as to form and content and as satisfying the requirements of Rule 23(c)(2) and (e)(1) of the Federal Rules of Civil Procedure and due process;

5. Finding that pursuant to Treas. Reg. § 1.468B-1, the Qualified Settlement Fund meets the requirements of a "qualified settlement fund" for federal income tax purposes; pursuant to Internal Revenue Service Revenue Ruling 2002-45, payments from the Special SubTrust are

1

"restorative payments;" the Special SubTrust qualifies as a sub-trust of the Plan such that distributions from the SubTrust will be treated for income tax purposes as distributions from a tax-qualified retirement plan and trust; the Special Fiduciary will report distributions from the Special SubTrust on Form 1099-R using the Plan's Employer Identification Number ("EIN"); distributions from the Special SubTrust are eligible for tax-free rollover treatment; pursuant to Section 415 of the Internal Revenue Code, distributions from the Special SubTrust are not subject to the annual limits on contributions; and the SubTrust will maintain 100% of its assets in a federally-insured financial institution and in accounts that are insured by the Federal Deposit Insurance Corporation and designed for capital preservation until the amounts are distributed to Class Members; and

6. Setting various dates and deadlines in order for the Court to evaluate whether the Settlement should be given Final Approval, to hear any objections by Class Members, to evaluate Plaintiff's counsel's request for an award of attorneys' fees and reimbursement of costs and expenses, and to evaluate Plaintiff's request for a service award as follows:

| Event | Proposed Date/Deadline |
|---|---|
| Deadline for Defendants to provide Class Data Required by Settlement Agreement § III.7. | 30 days after Settlement Agreement Fully Executed |
| Defendants will provide Class Counsel with the form of the Election Distribution Packet used by the Plan. Settlement Agreement § V.5 | 30 days after Settlement Agreement Fully Executed |
| Deadline for Settlement Administrator to send Class Notice to identified Class Members | 30 days after deadline for Defendants to provide Class Data or after Order Granting Preliminary Approval, whichever is later |
| Deadline for Settlement Administrator to file Declaration re: class notice | 30 days after Class Notice issued |
| Deadline for Any Class Member to Object | 60 days after Deadline to send Notices to Class Members |
| Deadline for Class Counsel to file any Motion for Attorneys' Fees and Costs | 14 days before deadline to object |
| Deadline for Class Counsel to file any Motion for Class Representative Service Award | 7 days before deadline to object |

| Deadline for Class Counsel to file Motion for Final Approval | At least 14 days after Objection Deadline |
| --- | --- |
| Final Approval/Fairness Hearing | At least 100 days after preliminary approval order entered |

This Motion is supported by the accompanying Memorandum of Law, the Declaration of R. Joseph Barton, the Proposed Order filed herewith, all of the pleadings and documents on file with the Court in this action, and further evidence and argument as may be submitted prior to the Court's decision on this motion.

        Respectfully submitted,

        /s/ Adam H. Garner
        Adam Harrison Garner (320476)
        Melanie J. Garner (315058)
        THE GARNER FIRM, LTD.
        1617 John F. Kennedy Blvd., Suite 550
        Philadelphia, PA 19103
        (215) 645-5955 (Tel)
        (215) 645-5960 (Fax)
        adam@garnerltd.com
        melanie@garnerltd.com

        R. Joseph Barton (admitted *pro hac vice*)
        THE BARTON FIRM, LLP
        1633 Connecticut Ave., NW, Ste. 200
        Washington D.C. 20009
        Telephone: (202) 734-7046
        jbarton@thebartonfirm.com

        *Attorneys for Plaintiff*

Dated August 12, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August 2025, a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system.

/s/ Adam H. Garner
Adam Harrison Garner