IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JO BENNETT, on behalf of herself and all others similarly situated,<br><br>                        *Plaintiff*<br><br>v.<br><br>SCHNADER HARRISON SEGAL & LEWIS LLP, et al.,<br><br>                        *Defendants* | Case No. 2:24-cv-00592-JMY |

**<u>ORDER CERTIFYING CLASS & GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

This case came before the Court on Plaintiff's Unopposed Motions for Class Certification and Preliminary Approval of Class Action Settlement, ECF 106. Based upon the Court's review of the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval and the Declaration of R. Joseph Barton ("Barton Decl.") and the exhibits attached thereto, the Court will certify the Class, grant preliminary approval of the Settlement, and find as follows:

**Class Certification**

1.     Counts I-VII are hereby certified as a class action pursuant to Rule 23(b)(1) and (b)(2) on behalf of the following Class:

> Participants in the Schnader Harrison Segal & Lewis LLP Retirement and Savings Plan who were attorneys with the title of Income Partner or Counsel at Schnader Harrison Segal & Lewis any time between February 7, 2018 to June 30, 2023 and who were assessed a "Non-Elective Retirement Contribution" as described in annual memoranda entitled "[Year] Retirement Contribution Calculation" (and for whom such assessment was not fully repaid or refunded) and the beneficiaries of such participants, except the Excluded Persons.
>
> Excluded from the Class are the following: (a) Defendants; (b) any equity partners of Schnader during the Class Period; (c) any fiduciary of the Plan with discretionary fiduciary authority with respect to the Non-Elective Retirement Contribution during the Class

Period; (d) the beneficiaries of any such persons or the immediate family members of any such foregoing excluded persons; and (e) the legal representatives, successors and assigns of any such excluded persons.

2. The Court finds that Counts I-VII satisfy the requirements of Fed. R. Civ. P. 23(a) as follows:

    a. The Class consists of at least 46 individual Plan Participants and their beneficiaries. Weighing judicial economy, the claimants' ability and motivation to litigate as joined plaintiffs, the financial resources of class members, and the fact that the claims are for injunctive relief, joinder of all Class members would be impracticable. *See In re Modafinil Antitrust Litig.*, 837 F.3d 238, 253 (3d Cir. 2016).

    b. Each claim raises common questions of law and fact. The issues of liability on each count are common to all members of the Class and are capable of common answers as those issues primarily focus on defendants' acts (or failure to act). The common issues include whether the fiduciary defendants breached various fiduciary duties to the Plan, whether Defendants engaged in prohibited transactions, whether the Plan suffered losses as a result of the fiduciary breaches and other violations, and what is the appropriate relief for Defendants' violations of ERISA.

    c. Plaintiff's claims are typical of those of the Class because they arise from the same event, practice and/or course of conduct and seek the same relief. Plaintiff's claims are also typical because they generally seek recovery and relief on behalf of the Plan. Defendants do not have any unique defenses against Plaintiff.

    d. Plaintiff and her counsel have no interests antagonistic to the Class and Plaintiff has retained counsel with extensive experience litigating ERISA class actions. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

3. Counts I-VII meet the requirements of Fed. R. Civ. P. 23(b)(1) because the fiduciaries of the Plan are required by law to interpret and consistently apply the terms of the Plan to all similarly-situated participants. As such, varying or inconsistent adjudications regarding, e.g., the duties of fiduciaries, the rights of participants under the Plan, or the appropriateness of the Defendants' practices with respect to the administration of the Plan would establish incompatible standards of conduct. For similar reasons, an adjudication regarding these issues would, as a practical matter, adjudicate these issues with respect to the other participants in the Plan. Additionally, the monetary relief sought would be paid to the Plan and then allocated to Class members' individual accounts.

4. Counts I-VII also meet the requirements of Fed. R. Civ. P. 23(b)(2). First, the Complaint alleges that Defendants acted and failed to act on the same grounds as to all members of the Class by allegedly (a) breaching their fiduciary duties and (b) engaging in prohibited transactions. Second, Plaintiff's claims primarily seek declaratory and injunctive relief. To the extent that monetary relief is awarded, any monetary relief would flow from the declaratory relief. As a result, the monetary relief will not determine the key procedures to be used, will not introduce any new and significant factual or legal issues, and will not require individualized hearings. Thus, the lawsuit primarily, if not exclusively, seeks final declaratory and injunctive relief.

5. Because Counts I-VII meet the requirements for certification under Fed. R. Civ. P. 23(b)(1) and 23(b)(2), the Court need not address whether these claims may also be certified under 23(b)(3).

6. Plaintiff Jo Bennett is appointed the representative of the Class.

7. R. Joseph Barton of The Barton Firm LLP and Adam Harrison Garner of The Garner Firm, Ltd. are appointed Co-Lead Class Counsel.

**Preliminary Approval of the Settlement**

8.     Preliminary approval is the first step in the class settlement process. The request for preliminary approval only requires an "initial evaluation" of the fairness of the proposed settlement. *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The purpose of preliminary approval is to determine "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013).

9.     In granting preliminary approval, the Court considers "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013). Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Shapiro v. All. MMA, Inc.*, No. CV 17-2583 (RBK/AMD), 2018 WL 3158812, at *2 (D.N.J. June 28, 2018); *Atis v. Freedom Mortg. Corp.*, No. CV 15-03424 (RBK/JS), 2018 WL 5801544, at *2 (D.N.J. Nov. 6, 2018) (applying same "obviously deficient" standard); *Rudel Corp. v. Heartland Payment Sys., Inc.*, No. 16-cv-2229, 2017 WL 4422416, at *2 (D.N.J. Oct. 4, 2017) (same).

10.     The Court finds that the Settlement Agreement is within the range of reasonableness, is the result of serious, informed, and non-collusive negotiations and does not have any obvious deficiencies. The Settlement Agreement is the result of arm's length negotiations. The assistance of John L. Utz of Spencer Fane LLP as mediator reinforces that the Settlement Agreement is non-collusive. *See Alves v. Main*, No. 01-cv-789, 2012 WL 6043272, at *22 (D.N.J. Dec. 4, 2012) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties."), *aff'd*, 559 F. App'x 151 (3d Cir. 2014).

11. The proposed Settlement provides substantial relief to the Class and falls within the range of reason. The monetary component of the Settlement Agreement provides for payment of $675,000 to a settlement fund for the benefit of the Class, which Class Counsel represents is approximately 68% of the maximum amount that Class members could likely recover at trial. This result is in line with class settlements approved by other courts of this Circuit in complex class action cases. *See In re Corel Corp. Sec. Litig.*, 293 F.Supp.2d 484, 490 (E.D.Pa.2003) (approving a settlement amounting to 15% of provable damages); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144 (E.D.Pa.2000) ("The settlement that was achieved represents approximately seventeen percent of single damages to the class, an amount significantly higher than the proportion of damages obtained in settlement agreements approved by other courts." (citing *In re Crazy Eddie Sec. Litig.*, 824 F.Supp. 320, 324 (E.D.N.Y.1993))); *In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 183 (E.D. Pa. 2000) (approving monetary settlement of 5.2% to 8.7% of best possible recovery for class members).

12. The Settlement Agreement does not suffer from any obvious deficiencies, such as preferential treatment of the Class representative. No class member or group of Class members will receive unduly favorable treatment under the terms of the Settlement Agreement.

13. The Court finds that there are no grounds to doubt the fairness of the Settlement Agreement or the Plan of Allocation and concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the class is appropriate.

14. The Court finds that the Cash Settlement Amount is being paid in order to resolve claims for which there was a reasonable risk of liability for breach of fiduciary duties and the Cash Settlement Amount is not excessive.

**Preliminary Approval of the Plan of Allocation**

15. The Plan of Allocation provides that the Net Settlement Fund will be divided among Plan participants on a pro rata basis based on the losses in their accounts. "Courts 'generally consider plans of allocation that reimburse class members based on the type and extent of their injuries to be reasonable.' " *Sullivan v. DB Investments, Inc.,* 667 F.3d 273, 328 (C.A.3 (N.J.), 2011). "In general, a plan of allocation that reimburses class members based on the type and extent of their injuries is reasonable." *Smith v. Dominion Bridge Corp.,* 2007 WL 1101272, at *7 (E.D. Pa. 2007); *see* Pfeifer v. Wawa, Inc., 2018 WL 2057466, at *5 (E.D. Pa, 2018) (granting preliminary approval of a plan of allocation in ERISA case that proposed to pay class members based on their losses). As that is consistent with the proposed plan of allocation, here, the Court finds that the Plan of Allocation is fair, reasonable and adequate and preliminarily approves the Plan of Allocation.

**Class Notice**

16. The Court approves the Proposed Notice of Class Action Settlement ("Class Notice") and directs its distribution to the Class. The content of the Class Notice fully complies with due process and Federal Rule of Civil Procedure 23.

17. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(A), "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Notice sent by first class mail is sufficient when the names and addresses of the class members are known. *See Giercyk v. Nat'l Union fire Ins. Co. of Pittsburgh, PA*, No. 2:13-CV-6272-MCA-MAH, 2016 WL 7209649, at *3 (D.N.J. Oct. 13, 2016); *In re Ocean Power Techs., Inc., Sec. Litig.*, No. 14-3799 (FLW) (LHG), 2016 WL 7638464, at *2 (D.N.J. June 7, 2016). Here, the names, mailing addresses of the Plan Participants and email addresses of all but one of the Plan Participants are known, and

6

thus notice to the Class by first class mail and email (as available) to the Plan Participants is appropriate.

18. The Court appoints CPT Group as the Settlement Administrator for providing Class Notice and otherwise assisting in administration of the Settlement. The Settlement Administrator shall provide notice to the Class no later than October 20, 2025. The Settlement Administrator will file a declaration with the Court confirming that the Class Notice was sent in accordance with this Order by November 19, 2025.

**Special SubTrust & Special Fiduciary**

19. Defendant Schnader is directed to establish a Special SubTrust of the Schnader Harrison Segal & Lewis LLP Retirement and Savings Plan consistent with the terms of the Settlement Agreement.

20. The Court preliminarily finds that (1) the Qualified Settlement Fund meets the requirements of a "qualified settlement fund" for federal income tax purposes under IRC 468B and Treas. Reg. § 1.468B-1; (2) distributions that are expected to be made to Class members pursuant to this Settlement, including those from the Special SubTrust, are "restorative payments" to the Plan within the meaning set forth in IRS Revenue Ruling 2002-45; (3) the Special SubTrust qualifies as a sub-trust of the Plan such that distributions from the SubTrust will be treated for income tax purposes as distributions from a tax-qualified retirement plan and trust eligible for rollover treatment, *see* Treas. Reg. § 1.668B-(2)(l)(2)(ii); I.R.S. Private Letter Rulings 200446026, 200604039 (approving tax-qualified treatment of settlement proceeds in connection with terminated retirement plans); (4) the Special Fiduciary will report distributions from the Special SubTrust on Form 1099-R using the Plan's EIN; (5) distributions from the Special SubTrust will be eligible for tax-free rollover treatment; (6) distributions from the Special SubTrust are not

subject to the annual limits on contributions under Section 415 of the Internal Revenue Code; and (7) the Special SubTrust will maintain 100% of its assets in a federally-insured financial institution and in accounts that are insured by the FDIC and designed for capital preservation until the amounts are distributed to Class Members.

21. The Court appoints William J. Einhorn, Esquire as the Special Fiduciary of the Special SubTrust of the Schnader Harrison Segal & Lewis LLP Retirement and Savings Plan to administer and manage the Special SubTrust and oversee the distribution of the Net Settlement Fund to the Class Members pursuant to the Plan of Allocation. The Special Fiduciary will have no discretion with respect to the amounts to be allocated to Class Members but will simply follow the allocation instructions provided by Class Counsel or the Settlement Administrator so long as they are consistent with the Plan of Allocation and any Orders of the Court. Neither Defendants nor their counsel shall have any responsibilities with respect to the Special SubTrust other than those mentioned in Sections VI.1 and VI.2 of the Settlement Agreement.

22. Defendants are directed to provide the Special Fiduciary with the EIN of the Plan and any other information requested by the Special Fiduciary that is necessary to allow the Special Fiduciary to manage the Special SubTrust of the Plan. The Special Fiduciary shall, upon Defendants' request, provide Defendants with information necessary to carry out Defendants' obligations in Sections VI.1 and VI.2 of the Settlement Agreement.

**Class Action Settlement Procedures**

23. To the extent not already produced, Defendants will produce to Class Counsel the Class Data required pursuant to Section III.7 of the Settlement Agreement to the extent such Class Data is reasonably available to Defendants.

24. The deadline for any person not identified as a Class Member to establish his or her status as a Class Member or for any Class Member to raise any questions regarding the data on which his or her expected distributions are based must be postmarked no later than December 19, 2025.

25. Any Class Member who wishes to object to this Settlement or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this Settlement and/or to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than December 19, 2025. The Objection must set forth at least the following: (a) the full name, address and contact information for the Objector and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement and any supporting papers and arguments; (c) the signature of the Objector (or his attorney).

26. Any Class Member or other person who fails to make his, her or its Objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, to the Judgment, to the Plan of Allocation, to the award of attorneys' fees and reimbursement of expenses to Plaintiff's Counsel, unless otherwise ordered by the Court. To the extent that any objections or comments are transmitted to Settlement Administrator, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

27. The Qualified Settlement Fund meets the requirements of a "qualified settlement fund" for federal income tax purposes under IRC 468 and Treas. Reg. § 1.468B-1 and will be deemed and is considered to be *in custodia legis* of the Court and will remain subject to the jurisdiction of the Court until such time as such funds will be distributed pursuant to the Settlement Agreement and/or the order of the Court. Class Counsel will file any Motion for Attorneys' Fees, Expenses and Costs to be paid out of the Settlement Fund by December 5, 2025.

28. Plaintiff will file any Motion for Class Representative Service Award by December 12, 2025.

29. Neither Defendants nor Defendants' counsel will have any responsibility for the Plan of Allocation or will make any application for or take any position on attorneys' fees or reimbursement of expenses submitted by Co-Lead Class Counsel.

30. Class Counsel shall file a Motion for Final Approval of the Settlement by January 2, 2026.

31. The Court will hold a final fairness hearing on January 22, 2026 at 10 am at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Courtroom 15-B, 601 Market Street, Philadelphia, PA 19106. The Court may continue the date of the final fairness hearing if necessary without further notice to the Class, but any such continuance will be publicized on the settlement website.

IT IS SO ORDERED this 19th day of August, 2025.

/s/ John Milton Younge
_____
The Hon. John M. Younge
United States District Judge