# THE GARNER FIRM, LTD.

One Penn Center
1617 John F. Kennedy Boulevard, Suite 1111
Philadelphia, PA 19103
www.garnerltd.com

Adam H. Garner
Admitted to Practice in PA|NJ|MD

adam@garnerltd.com
Tel. (215) 645-5955
Fax (215) 645-5960

February 11, 2026

**VIA CM/ECF**

The Honorable John Milton Younge
United States District Court
  for the Eastern District of Pennsylvania
601 Market Street, Courtroom 15-B
Philadelphia, PA 19106

        Re: *Bennett v. Schnader Harrison Segal & Lewis, LLP, et al.*
             *No. 2:24-cv-00592-JMY*

Dear Judge Younge:

    I represent the certified class in the above-referenced civil action. On January 22, 2026, the Court entered Orders Granting Plaintiff's Motion for Final Approval of Class Action Settlement (ECF No. 118), Plaintiff's Unopposed Motion For a Service Award to Class Representative (ECF No. 119), and Plaintiff's Motion for Attorney's Fees and Reimbursement of Litigation Expenses (ECF No. 120). The Final Approval Order states:

> There is no just reason to delay entry of this Order and Final Judgment, and immediate entry by the Clerk of Court is directed pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of Court shall enter Judgment dismissing this action with prejudice.

ECF No. 118 at ¶ 42.

    As of today's date, the Clerk of the Court has not entered Judgment in this matter, as directed in the Final Approval Order. Under the Federal Rules, judgment should be in a separate document. Fed. R. Civ. Proc. 58(a). Additionally, Rule 23(c)(3), requires that for a class certified under Rule 23(b)(1) or (b)(2), the judgment must "describe those whom the court finds to be class members." Finally, as the final approval order provides that the Court will retain jurisdiction over certain matters regarding the settlement, that should also be set forth in the judgment. Class Counsel has prepared a proposed final judgment that

The Honorable John M. Younge
February 11, 2026

contains each of those requirements and Defendants do not oppose entry of the final judgment as proposed by Class Counsel.

Because judgment has not been entered, the time has not begun to accrue for any appeals related to the parties' settlement (see, e.g., Fed R. App. Proc. 4), and under the terms of the settlement, payments cannot be made to class members until 30 days have passed from the entry of judgment. As such, the Clerk of the Court's failure to enter judgment is delaying, if not preventing, the parties' implementation of the Court-approved class action settlement in this matter.

Given the foregoing, Plaintiff respectfully requests that the Court direct the Clerk of the Court to enter judgment in this matter as proposed by the Parties. We thank the Court for its attention to and consideration of this matter.

Respectfully submitted,

Adam H. Garner

cc:   All Counsel of Record (via CM/ECF)